```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

STELLA HINES,                        :
                                     :
     Plaintiff,                      :
                                     :
V.                                   :  CASE NO. 3:04-CV-1770(RNC)
                                     :
MICHAEL J. ASTRUE,                   :
COMMISSIONER OF SOCIAL SECURITY      :
ADMINISTRATION,                      :
                                     :
     Defendant.                      :
```

### RULING AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review and reversal of a final decision of the Commissioner of Social Security denying her application for disability benefits. (Doc. # 17). In response, the Commissioner moves to dismiss the complaint and affirm the decision (Doc. #19). After review of the record and the parties' submissions, the Court reverses the Commissioner's decision and remands for further consideration.

I.  Background

At the time of her application, plaintiff was 49 years old. She has an eleventh grade education and has held a variety of unskilled positions. Most recently, she worked as a nurse's aide and child-care provider.

Plaintiff first filed for Supplementary Security Income ("SSI") benefits on June 18, 1998. Her application was denied on July 24, 1998. She filed a second application on April 10, 1999, which was denied initially on June 24, 1999, and again, after

reconsideration, on September 18, 1999. Plaintiff requested a hearing on the application on September 27, 1999, which was held on June 29, 2000. On February 27, 2002 the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act.

Following the five-step process for evaluating disability claims, see 20 C.F.R. § 416.920 (2007), the ALJ found that: (1) plaintiff had not engaged in substantial gainful activity since March 10, 1999; (2) her obesity, asthma, osteoarthritis of the knees, and diabetes mellitus with diabetic neuropathy and hypertension were severe impairments under the regulations; (3) these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (4) plaintiff was unable to perform any of her past relevant work; but (5) she had the residual functional capacity to perform substantially all of the full range of sedentary work. (Tr. 19-20, 25.)

Plaintiff requested review of this decision and submitted additional medical information, including newly obtained psychiatric notes.[1] After considering the evidence, the Appeals

---

[1] The psychiatric notes are dated June 3, 2002, nearly two years after the hearing. Because this evidence was submitted to the Appeals Council prior to their decision, it is appropriately included in the record. See Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996) ("[T]he administrative record should contain all evidence submitted before [the] final decision, including the new evidence that was not before the ALJ.").

2

Council denied plaintiff's request for review on August 3, 2004, at which time the ALJ's decision became final.[2]

II. Discussion

The ALJ's decision must be affirmed unless it is based on an erroneous legal standard or the ALJ's findings are not supported by substantial evidence. See Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir. 2003).

A.

The ALJ erred in failing to properly evaluate plaintiff's mental impairments. Plaintiff's treating physician opined that she is markedly limited in a number of areas of mental functioning. (Tr. 201-202.) This opinion is consistent with other record evidence, including treatment notes and reports indicating that plaintiff suffers from Major Depressive Disorder Recurrent Severe with Psychotic Features, Panic Disorder with Agoraphobia, and Generalized Anxiety Disorder. The ALJ's decision does not discuss plaintiff's mental impairments. Apparently, the ALJ either failed to consider the evidence, see 20 C.F.R. § 404.1520(a)(3) (2007) (ALJ must consider all evidence in the record in making a

---

[2] Plaintiff filed a third application for benefits on April 22, 2002, while her review request was still pending. This application was granted in June 2002, and has no bearing on the current action.

3

disability determination), or simply discredited it without explanation, see 20 C.F.R. § 416.927(d)(2)(2007)(the decision must provide "good reasons" for not affording controlling weight to the opinions of the treating source); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

B.

The ALJ also erred in his assessment of plaintiff's physical impairments. Plaintiff claims to meet the listing for Diabetes Mellitus with Neuropathy, Appx. 1, Subpart P, Reg. No. 4, 9.08A.[3] It is clear from the record that this condition produces diabetic neuropathy in both feet. (Tr. 19, 328.) The ALJ found that this condition is "not severe enough to meet or medically equal" a listed impairment (Tr. 20). But he did not explain why.

The ALJ's decision also fails to address evidence of other physical impairments. Objective medical evidence shows that

---

[3] The criteria for this listing, in relevant part, is as follows:
9.08 Diabetes Mellitus. With: A. Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dextrous movements, or gait and station.
This listing cross-references 11.00C, which provides the following criteria:
Persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combination, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms.

plaintiff has arthritis in her knees, neuropathy, and bilateral foot swelling and callouses. In addition, she testified that pain in her legs interferes with her ability to work, care for herself, run errands, attend church services, sit, stand and walk (Tr. 92, 107, 113-16, 120, 128, 390-91, 401-05), and that pain in her hands, arms and shoulders is sometimes completely disabling. (Tr. 21, 92, 107, 113-16, 120, 128, 269, 384, 404-05.)

On this record, the ALJ's conclusory determination at step three that plaintiff does not meet a listed impairment is not supported by substantial evidence. See Larkins v. Barnhart, No. 03-6132, 87 Fed. Appx. 193 at **2 (2d Cir. Jan. 7, 2004)(summary order)(finding no "adequate basis for determining, at step three, that [claimant does] not have a listed impairment" when ALJ failed to give "specific reasons for his conclusion" and administrative record did not support the decision).

C.

If after reconsideration the Commissioner concludes that plaintiff does not meet a listed impairment, it will be necessary to revisit the ALJ's assessment of plaintiff's residual functional capacity ("RFC").[4] In assessing RFC, an ALJ must consider all medically determinable impairments, including impairments that are not severe, plus all other relevant evidence. 20 C.F.R. §

---

[4] The regulations define residual functional capacity as the most a claimant can do despite his or her limitations. 20 C.F.R. § 416.945 (2007).

5

416.945(a)(2),(3) (2007)). Plaintiff offered evidence of a number of non-exertional limitations that the ALJ's decision does not address.[5] On the remand, all of plaintiff's impairments and limitations should be considered when assessing her RFC.[6]

D.

On the remand, the Commissioner must also reconsider the vocational analysis upon which the ALJ relied at step five. The ALJ determined that plaintiff's RFC enabled her to perform a variety of jobs that exist in significant number in the national economy (Tr. 24), in part because of a written "vocational analysis," which found that plaintiff could perform sedentary jobs such as order clerk, cashier or ticket seller. (Tr. 31.) No vocational expert testified at the hearing and it is unclear whether the written analysis took account of plaintiff's non-exertional limitations.

IV. Conclusion

Accordingly, plaintiff's motion to reverse the decision of the Commissioner is granted (doc. # 17), defendant's motion to affirm

---

[5] For example, plaintiff's medical records and testimony evidence a history of headaches, gastrointestinal difficulties, sleep disturbances and mental impairments, all of which might be expected to interfere with her ability to work.

[6] Plaintiff objects to the ALJ's RFC determination on the additional ground that he failed to adequately consider the impact of her obesity. Because the Commissioner is required to reconsider plaintiff's RFC on remand, the Court need not reach this issue. On remand, a proper evaluation of plaintiff's RFC will necessarily include consideration of her obesity and its impact on her limitations.

the decision of the Commissioner is denied (doc. # 19), and the case is remanded for reconsideration.

So ordered.

Dated at Hartford, Connecticut this 29th day of September 2007.

```
           _____/s/_____
                 Robert N. Chatigny
              United States District Judge
```